Nos. 11-2215/2216

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,           )

          Plaintiff-Appellee,        )

v.                                   )          O R D E R

THOMAS WILLIAM PIATEK (11-2215);     )
MICHAEL DAVID MEEKS (11-2216),       )

          Defendants-Appellants.     )

```
        ┌─────────────────────────────┐
        │           FILED             │
        │        Jan 31, 2012         │
        │   LEONARD GREEN, Clerk      │
        └─────────────────────────────┘
```

Before:  MARTIN, KETHLEDGE, and WHITE, Circuit Judges.


     Thomas Piatek and Michael Meeks appeal the district court's order denying their motion for

a bond hearing.  We are in unanimous agreement that the facts and legal arguments are adequately

represented in the briefs and the record, and that the decisional process would not be significantly

aided by oral argument.[*] Fed. R. App. P. 9(a); 34(a).

I.

     Along with several codefendants, Piatek and Meeks are charged with seditious conspiracy,

conspiracy to use weapons of mass destruction, and various firearms offenses, arising from their

alleged participation in the Hutaree militia.  Upon their arrest, they were ordered detained by a

magistrate judge.  The district court conducted a de novo hearing and ordered their release.  That

order was stayed, and on appeal, we reversed, concluding that both defendants posed a danger and

---

     [*]Meeks' motions to extend the time to file his reply brief and to expand the record on appeal
are granted.

that no conditions of release would reasonably assure the safety of the community. *United States v. Stone*, 608 F.3d 939 (6th Cir.), *cert. denied*, 131 S. Ct. 485 (2010).

More than a year following our decision, Meeks moved to reopen his bond hearing based on (1) new information demonstrating that he was not a danger; (2) a claim that his detention had become violative of his right to due process; and (3) an argument that his detention was an impermissible infringement of his Second Amendment right to gun ownership. Piatek joined in Meeks' motion, arguing that the evidence produced by the government had not borne out the factual assertions in support of his dangerousness and that his detention was based on his exercise of Second Amendment rights. The district court denied the motions to reopen. Meeks and Piatek appeal.

## II.

After an initial determination regarding a defendant's release or detention pending trial, the court may reopen the hearing

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(B). In an appeal of the district court's initial determination regarding a defendant's release or detention pending trial, we review factual findings for clear error and mixed questions of law and fact, including whether detention is warranted, *de novo*. *Stone*, 608 F.3d at 945; *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). Here, we are asked to consider whether the district court properly exercised its discretion to deny Meeks' and Piatek's motions to reopen. To the extent that the district court made factual findings and decided mixed questions or questions of law in exercising that discretion, we apply the same standard of review. *See United States v.*

*Sandles*, 9 F. App'x 377, 378-79 (6th Cir. 2001) (applying *Hazime* standards to review of the denial of a motion to reopen).

### A.

Meeks claims that new evidence demonstrates that he is not a danger, thus entitling him to a new bond hearing. A defendant shall be detained pending trial if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). The four relevant statutory factors to be considered are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community. 18 U.S.C. § 3142(g). We previously considered these factors, noting that Meeks had "stated that he has a thousand tracer rounds for his AR-15 that he would be 'doling [] out' to the Hutaree" and that "authorities found a substantial arsenal of weapons, including 1000 tracer rounds, at his home." *Stone*, 608 F.3d at 949, 953.

In moving the district court to reopen, Meeks argued that during the ensuing discovery the government has failed to produce any evidence that he possessed tracer rounds. Assuming, without deciding, that the evidence was not new because it had been previously argued to this court, the district court concluded that the absence of such evidence was not material for purposes of reopening his detention hearing. We find no error in this conclusion.

To support reopening, the new information should be "sufficiently material to the issue of dangerousness." *Sandles*, 9 F. App'x at 379. The mention of tracer rounds was only one of multiple factors that demonstrated Meeks posed a danger, which included his discussion of ways to kill law enforcement officers, his stated desire to die by "copicide," and his assent in statements by other

codefendants with respect to killing law enforcement and judicial officers. Meeks has not shown evidence that would warrant reopening of his bond hearing. *See United States v. Jerdine*, 2009 WL 4906564, at*3 (N.D. Ohio, Dec. 18, 2009) (stating that evidence to support reopening should demonstrate "changed circumstances, something unexpected, or a significant event").

In joining Meeks' motion to reopen, Piatek similarly argued an absence of evidence to support the conclusion that he posed a danger. He asserts that the evidence does not demonstrate that he ever voiced an intention to kill anyone or that he ever indicated a violent intent towards his girlfriend. The district court did not err in concluding that these arguments, which were previously advanced, are not "new" or material to the determination of danger.

## B.

Meeks also sought a bond hearing on grounds that his continued detention violates his Fifth Amendment right to due process. Piatek has adopted that argument on appeal. When the scheduled trial in this case begins, both defendants will have been detained for approximately 22 months.

Although a defendant's pretrial detention "might become excessively prolonged, and therefore punitive," the specific point in time at which that occurs has not been articulated. *United States v. Salerno*, 481 U.S. 739, 747 n.4 (1987). The district court considered whether Meeks' detention had become unconstitutional under the four-part test articulated in *United States v. El-Hage*, 213 F.3d 74 (2d Cir. 2000). In considering under that test whether a defendant's pretrial detention has become unconstitutionally lengthy, the court weighs: (1) the length of the detention; (2) the extent of the government's responsibility for the delay of trial; (3) the gravity of the charges; and (4) the strength of the evidence on which the defendant is detained. *Id*. at 79. The length of the defendants' detention alone does not establish a due process violation. *Id*. In this case, the district

court noted that the length of detention weighed in favor of Meeks but concluded that the remaining three factors outweighed any favorable inference.

As to the second factor, Meeks argues that the government has delayed in producing discovery materials. The numerous pretrial motions and the apparent voluminous discovery indicate the complexity of this case. We are unpersuaded that the district court erred in concluding that the government is not responsible for delay of the trial. Trial continuances have been by stipulation or on motion of the parties. The second *El-Hage* factor weighs in favor of the government.

The third *El-Hage* factor, gravity of the charges, also weighs in favor of continued detention. These charges "are undeniably serious" and arise "from the defendants' plot to kill law-enforcement officers in a particularly heinous manner[.]" *Stone*, 608 F.3d at 947.

Finally, Meeks urges that the evidence in support of dangerousness is "spurious, slim, and suspect" and argues that the fourth *El-Hage* factor weighs in his favor. The district court properly concluded otherwise. As we noted in our prior decision and above, Meeks' detention is based not solely on his lawful possession of weapons, but on evidence indicating a willingness to kill law enforcement and judicial officers and involvement with a group having such intention.

C.

Finally, both Meeks and Piatek claim that their continued detention is unconstitutionally based upon their lawful possession of firearms. Relying upon *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010), and *District of Columbia v. Heller*, 554 U.S. 570 (2008), they argue that such detention cannot survive the necessary scrutiny afforded to the regulation of Second Amendment rights. The district court rejected this claim. This argument was previously available to the defendants, and we earlier noted that the weapons discovered on search of the defendants' homes "were legally purchased and registered." *Stone*, 608 F.3d at 948 n.8. We adhere to our prior

conclusion that such lawfulness is not dispositve of dangerousness, and we perceive no Second

Amendment violation in so concluding. *Id*.

  The district court's order denying Meeks' and Piatek's motions to reopen the bond hearing

is **AFFIRMED**.


      ENTERED BY ORDER OF THE COURT


           Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT
### 100 EAST FIFTH STREET, ROOM 540
### POTTER STEWART U.S. COURTHOUSE
### CINCINNATI, OHIO 45202-3988

Leonard Green
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: January 31, 2012

Mr. Sheldon N. Light

Mr. Mark Allen Satawa

Mr. Arthur Jay Weiss

          Re:  Case Nos. 11-2215/11-2216, *USA v. Piatek & Meeks*
              Originating Case No. : 10-20123

Dear Counsel,

    The Court issued the enclosed (Order/Opinion) today in these cases.

              Sincerely yours,

              s/Sue Burlage
              Case Manager
              Direct Dial No. 513-564-7012

cc:  Mr. David J. Weaver

Enclosure

Mandate to issue